**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| In Re: ) | |
| CLIFFORD J. JAMESON, and ) | |
| ALDYS JEAN JAMESON ) | |
| ) | Case No. 11-21322-ABF |
| Debtor(s). ) | |
| ) | |
| FRED CHARLES MOON, ) | |
| Chapter 7 Trustee in Bankruptcy, ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Adversary No. _____ |
| ) | |
| ) | |
| VANDERBILT MORTGAGE AND FINANCE, Inc ) | |
| C T Corporation System     . ) | |
| (Registered Agent) ) | |
| 120 South Central Avenue ) | |
| Clayton, MO 63105 ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT TO SET ASIDE PREFERENTIAL TRANSFER AND
FOR DECLARATORY JUDGMENT PURSUANT TO BANKRUPTCY RULE 7001**

**Count I
11 U.S.C. Section 547 and Bankruptcy Rule 7001**

Comes now Fred Charles Moon, Trustee of the estate of Clifford J. Jameson and Aldys Jean Jameson, Bankruptcy Case No. 11-21322-ABF, and for Count I of his cause of action against Defendant, states:

1.      This adversary proceeding is one arising in the Chapter 7 case of Clifford J. Jameson and Aldys Jean Jameson, Bankruptcy Case No. 11-21322-ABF, now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157, 1334, and 11 U.S.C. Section 547. That this is also a proceeding to obtain a declaratory judgment relating to the foregoing pursuant to Bankruptcy Rule 7001. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(F).

2. That the above Chapter 7 bankruptcy case, Case No. 11-21322-ABF, was filed on July 28th, 2011, in the United States Bankruptcy Court for the Western District of Missouri, Central Division; that an Order for Relief was entered on July 28th, 2001; and that the Divisional Venue for this bankruptcy case was changed from Central to Southern per Court Order of August 8th, 2011 [doc. #15].

3. That Plaintiff is the duly qualified and acting Chapter 7 Trustee of the estate of the above-named individual Debtors.

4. That Defendant, Vanderbilt Mortgage and Finance Inc., is a Tennessee Corporation in good standing and is authorized to do business in the State of Missouri, and that its registered agent is C T Corporation System, 210 South Central, Clayton, Missouri 63105, and that such Defendant may be served at said address.

5. That Defendant, Vanderbilt Mortgage and Finance Inc., at all times hereinafter mentioned is an "initial transferee" as that term is defined in 11 U.S.C. Section 550 with respect to the transfers sought to be avoided herein.

6. That Debtors, Clifford J. Jameson and Aldys Jean Jameson, as husband and wife, and prior to the filing of their petition in bankruptcy, were tenancy-by-the-entireties owners in fee simple of a residence and real estate located at RR #1, Box 1225, Cross Timbers, Hickory County, Missouri consisting of a residence and 3.3 acres m/l and legally described as follows:

> Lot 12 of BUCK MOUNTAIN TERRITORY SUBDIVISION, as shown by recorded plat thereof in Plat Book 114-2, Page 179, of the deed records of Hickory County, Missouri, subject to existing easements and restrictions of record.

and that Debtors had acquired said real estate in approximately 2005 and subsequently purchased a 2006 Appalachia Mfg. Home, Serial No. CAP018847TNAB and affixed same to said real estate on or about June 2006.

7. That upon information and belief of the Chapter 7 Trustee, Defendant Vanderbilt Mortgage and Finance Inc., contends that on or about June 23rd, 2006, Debtor, Clifford J. Jameson, Jr. financed the purchase of a Manufactured Home (Model Appalachia, Serial No. CAP018847TNAB) that was located on the real estate described in paragraph #6 herein, which purchase was allegedly financed by the Defendant [see Plaintiff/Trustee's Summary of Exhibits filed herewith and incorporated herein by reference as Trustee's Exhibit "1"].

8. That the Debtors, Clifford J. Jameson and Aldys Jean Jameson, as husband and wife, are alleged by Vanderbilt Mortgage and Finance, Inc. to have executed a Deed of Trust on or about June 23rd, 2006 to secure a promissory note in the original principal sum of $90,614.74 in favor of Vanderbilt Mortgage and which deed of trust purportedly covered the real estate at RR#1, Box 1225, Cross Timbers, Missouri and the 2006 Appalachia Mfg. Home, Serial No. CAP018847TNAB, however said Deed of Trust did not contain a legal description of the real estate and was never recorded in the Office of the Recorder of Deeds in Hickory County, Missouri [see Plaintiff/Trustee's Summary of Exhibits filed herewith and incorporated herein by reference as Trustee's Exhibit "1"].

9. That the Deed of Trust dated June 23rd, 2006 to secure a promissory note in the original principal sum of $90,614.74 in favor of Vanderbilt Mortgage and which deed of trust purportedly covered the real estate at RR#1, Box 1225, Cross Timbers, Missouri and the 2006 Appalachia Mfg. Home, Serial No. CAP018847TNAB was either lost or destroyed before same could be recorded in the Office of the Recorder of Deeds of Hickory County, Missouri [see Plaintiff/Trustee's Summary of Exhibits filed herewith and incorporated herein by reference as Trustee's Exhibit "1"].

10. That on or about April 1st, 2011, Defendant Vanderbilt Mortgage and Finance Inc. prepared a document denominated as a "Universal Affidavit" which recited the allegations referred

to in paragraphs #7, #8 and #9 herein and which purported gave record notice of the previously unrecorded June 23rd, 2006 Deed of Trust executed by Debtors to secure a promissory note in the original principal sum of $90,614.74 in favor of Vanderbilt Mortgage and which deed of trust purportedly covered the real estate at RR#1, Box 1225, Cross Timbers, Missouri and the 2006 Appalachia Mfg. Home, Serial No. CAP018847TNAB; and that the "Universal Affidavit" was recorded on May 2nd, 2011 in the Office of the Recorder of Deeds, Hickory County, Missouri, as document 2011R-0660, pages 1 through #18 [see Plaintiff/Trustee's Summary of Exhibits filed herewith and incorporated herein by reference as Trustee's Exhibit "1"].

11. That at the of time said Universal Affidavit was recorded, Debtors owed on account to the Defendant, a sum in excess of $88,234.00.00 which remained unpaid and unsatisfied.

12. That at the time the aforementioned Universal Affidavit was filed and recorded, the Debtors had defaulted and failed to pay the balance of the unsecured indebtedness owed on the June 23rd, 2006 promissory note in the original principal sum of $90,614.74 in favor of Vanderbilt Mortgage.

13. That the alleged lien date of May 2nd, 2011 (the date the "Universal Affidavit" was recorded by Defendant, Vanderbilt Mortgage and Finance, Inc.) and the recording of said June 23rd, 2006 Deed of Trust as Exhibit "A" therein purporting to grant a security interest to Defendant in Debtors' real estate at RR#1, Box 1225, Cross Timbers, Hickory County, Missouri and the 2006 Appalachia Mfg. Home, Serial No. CAP018847TNAB occurred and is within the ninety (90) day period preceding the filing of Debtors' Chapter 7 petition.

14. That the transfer of a security interest and Deed of Trust lien in Debtors' real estate to secure the repayment of the remaining balance owed on the $90,614.74 promissory note owed to Defendant, Vanderbilt Mortgage and Finance Inc., for the balance owed to it pursuant to the

purchase money financing provided to Debtors by it for the 2006 Appalachia Mfg. Home, Serial No. CAP018847TNAB was made:

    (a)    to or for the benefit of Defendant, Vanderbilt Mortgage and Finance, Inc.,as a creditor of the Debtors, Clifford J. Jameson and Adlys Jean Jameson;

    (b)    for or on account of an antecedent debt owed by the Debtors to said Defendant before such transfer was made;

    (c)    while the Debtors were insolvent;

    (d)    on or within the 90 days before the date of the filing of Debtors' petition;

    (e)    that enabled such creditor to receive more than such creditor would receive if the case were filed under Chapter 7.

15. That by its act of recording the Universal Affidavit, Defendant, Vanderbilt Mortgage and Finance Inc., attempted by such document to secure the payment of the Promissory Note referred to in paragraphs #8 and #11 hereof and the balance owed thereon on account; and Defendant Vanderbilt Mortgage and Finance Inc. contends, by recording the Universal Affidavit, that it became the initial transferee(s) of Debtors' real estate and property interest therein to secure the payment of said indebtedness.

16. That there is a dispute and justiciable controversy between the Plaintiff, Chapter 7 Trustee and the named Defendant regarding the legal effect, if any, of the Universal Affidavit recorded by Defendant, Vanderbilt Mortgage and Finance, Inc. on May 2nd, 2011 in the Office of the Recorder of Deeds, Hickory County, Missouri, as document 2011R-0660, pages 1 through #18 and whether such instrument created a security interest or lien under the attached "exhibit" deed of trust in Debtors' real estate at RR#1, Box 1225, Cross Timbers, Missouri and the 2006 Appalachia Mfg. Home, Serial No. CAP018847TNAB prior to the filing of Debtor's Chapter 7 bankruptcy petition and that this Court should determine the nature and extent of the Defendant's lienholder interest therein, if any, in said assets.

WHEREFORE, the Chapter 7 Trustee, as Plaintiff herein, prays that the Court enter a judgment pursuant to 11 U.S.C. Section 547:

(a) that the Court find, declare and determine that the Universal Affidavit, with "exhibit" deed of trust without a legal description recorded on May 2nd, 2011 in the Office of the Recorder of Deeds, Hickory County, Missouri, as document 2011R-0660, pages 1 through #18 in the Office of the Recorder of Deeds, Hickory County, Missouri to secure the payment of the Promissory Note dated June 23rd, 2006 in the original principal sum of $90,614.74 owed on account to Defendant, Vanderbilt Mortgage and Finance, Inc. did not operate to transfer a security interest or lienholder interest to Defendant under the June 23rd, 2006 Deed of Trust attached thereto as Exhibit "A";

(b) alternatively, avoiding and setting aside the May 2nd, 2011 transfer by Debtors to Defendant, Vanderbilt Mortgage and Finance, Inc., of a security interest in the form of a Deed of Trust lien pursuant to the Universal Affidavit, recorded in May 2nd, 2011 in the Office of the Recorder of Deeds, Hickory County, Missouri, as document 2011R-0060, pages 1 through #18 in the Office of the Recorder of Deeds, Cross Timbers, Hickory County, Missouri to secure the payment of the Promissory Note dated June 23rd, 2006 in the original principal sum of $90,614.74 owed on account to Defendant, Vanderbilt Mortgage and Finance, Inc.;

(c) that the Court enter a judgment pursuant to 11 U.S.C. Section 550 avoiding, setting aside, and cancelling the Deed of Trust executed by Debtors in favor of Defendant, Vanderbilt Mortgage and Finance, Inc. in the real estate located at RR#1, Box 1225, Cross Timbers, Missouri and the 2006 Appalachia Mfg. Home, Serial No. CAP018847TNAB, Hickory County, Missouri and finding and declaring that said Deed of Trust in favor of Defendant, Vanderbilt Mortgage and Finance, Inc., as an entity for whose benefit such transfer was made by Debtors is null and void; and that the Court order that such real estate be discharged from any lien or encumbrance thereon arising under or through said Deed of Trust or said Universal Affidavit;

(d) that the Court order that the Trustee named in said Deed of Trust, to-wit: Michael Starrett, be divested of any legal or equitable interest by or through said Deed of Trust and that he be discharged as Trustee for Vanderbilt Mortgage and Finance, Inc. therein;

(e) that the costs of this action be taxed against Defendant, Vanderbilt Mortgage and Finance, Inc.;

(f) that the Court enter an order sustaining the request for affirmative relief contained herein and confirming the relief requested herein and that any such Order incorporate the Complaint and relief requested therein by reference, including its file docket number with the Office of the United States Bankruptcy Clerk, Western District of Missouri, and

(g) that the Court grant such other and further relief as it deems just and proper under the circumstances.

## COUNT II
## FOR DECLARATORY JUDGMENT PURSUANT 11 U.S.C. SECTION 544.(a)(1) AND BANKRUPTCY RULE. 7001

17. Plaintiff, Chapter 7 Trustee incorporates herein by reference each and every allegation contained in ¶1 through ¶16 of Count I into this Count II as though fully set forth herein.

18. That pursuant to 11 U.S.C. section 544(a)(1), the Plaintiff/Trustee was as of the date and time of the filing and commencement of Debtors' Chapter 7 bankruptcy petition on July 28th, 2011, entitled to the status of a hypothetical judicial lien creditor of the Debtor's bankruptcy estate.

19. That the Plaintiff/Chapter 7 Trustee contends that under Missouri law the unrecorded Deed of Trust from Debtors, Clifford J. Jameson and Jean Jameson, husband and wife, as, as "Grantors" to Michael Starrett, Trustee, and Vanderbilt Mortgage and Finance, Inc., as "Grantee" with respect to the property at RR#1, Box 1225, Cross Timbers, Missouri, Hickory County, Missouri pursuant to the Universal Affidavit recorded within the 90 day period prior to the filing of Debtors' Chapter 7 bankruptcy on July 28th, 2011 in the Office of the Recorder of Deed, Deeds, Hickory County, Missouri, as document 2011R-0660, pages 1 through #18 in the Office of the Recorder of Deeds, Cross Timbers, is null and void as to the Plaintiff/Chapter 7 Trustee as a judicial lien creditor of the Grantor of said Deed of Trust, to-wit: Debtors, Clifford J. Jameson and Aldys Jean Jameson.

20. That the Plaintiff/Chapter 7 Trustee contends that since the Chapter 7 Trustee had the status of judicial lien creditor of the Debtors' bankruptcy estate as of July 28th, 2011 that the Deed of Trust from Debtors, Clifford Jean Jameson and Aldys Jean Jameson. as (Grantor) to Defendant, Vanderbilt Mortgage and Finance, Inc., which instrument did not contain a legal description and was referenced as an "exhibit" in the Universal Affidavit recorded within the 90 day

period prior to the filing of Debtors' Chapter 7 bankruptcy on July 28th, 2011 in the Office of the Recorder of Deed, Deeds, Hickory County, Missouri, as document 2011R-0660, pages 1 through #18 is void, and that Vanderbilt Mortgage and Finance Inc. should only have the status of an general non-priority unsecured creditor of this bankruptcy estate.

**WHEREFORE**, the Plaintiff/ Chapter 7 Trustee prays that the Court enter the following orders and Judgment(s):

(a) That pursuant to 11 U.S.C. section 544(a)(1), the Plaintiff/Trustee was as of the date and time of the filing and commencement of Debtors' Chapter 7 bankruptcy petition on July 28th, 2011, entitled to the status of a hypothetical judicial lien creditor of the Debtors' bankruptcy estate.

(b) That the Court find, declare and determine that under Missouri law the unrecorded Deed of Trust from Debtors, Clifford J. Jameson and Jean Jameson, husband and wife, as, as "Grantors" to Michael Starrett, Trustee, and Vanderbilt Mortgage and Finance, Inc., as "Grantee" with respect to the property at RR#1, Box 1225, Cross Timbers, Missouri, Hickory County, Missouri as an "exhibit" referenced in the Universal Affidavit recorded within the 90 day period prior to the filing of Debtors' Chapter 7 bankruptcy on July 28th, 2011 in the Office of the Recorder of Deed, Deeds, Hickory County, Missouri, as document 2011R-0660, pages 1 through #18 is null and void as to the Chapter 7 Trustee as a judicial lien creditor of the Grantor of said Deed of Trust, to-wit: Debtors, Clifford Jean Jameson and Aldys Jean Jameson.

(c) That the Court find, declare and determine that since the Chapter 7 Trustee had the status of judicial lien creditor of the Debtors' bankruptcy estate as of July 28th, 2011 that the Deed of Trust from Debtors, Clifford Jean Jameson and Aldys Jean Jameson. as (Grantor) to Defendant, Vanderbilt Mortgage and Finance, Inc. referenced as an "exhibit" in the Universal Affidavit recorded within the 90 day period prior to the filing of Debtors' Chapter 7 bankruptcy on July 28th, 2011 in the Office of the Recorder of Deed, Deeds, Hickory County, Missouri, as document 2011R-0660, pages 1 through #18 is void, and that Vanderbilt Mortgage and Finance Inc. should only have the status of an general non-priority unsecured creditor of this bankruptcy estate.

(d) that the costs of this action be taxed against Defendant, Vanderbilt Mortgage and Finance, Inc.;

(e) that the Court enter an order sustaining the request for affirmative relief contained herein and confirming the relief requested herein and that any such Order incorporate the Complaint and relief requested therein by reference, including its file docket

8

       number with the Office of the United States Bankruptcy Clerk, Western District of Missouri, and

(f)     that the Court grant such other and further relief as it deems just and proper under the circumstances.

Dated this 7th day of September, 2011.

MOON & MOON  
ATTORNEYS AT LAW, P.C.  
Fred Charles Moon                                     /s/Fred Charles Moon, Chp. 7 Trustee  
Mo. Bar No. 23242                                         FRED CHARLES MOON TRUSTEE  
1441 East Primrose Street                              (PLAINTIFF)  
Springfield, MO 65804  
Phone: (417) 862-3704  
Fax: (417) 862-1936  
E-mail: fcmoon@moon-attorneys.com