UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case No. 11-21322-ABF |
| CLIFFORD J. JAMESON | ) |
| ALDYS JEAN JAMESON | ) Chapter 7 |
|                 Debtors | ) |
| | ) |
| FRED CHARLES MOON, Trustee | ) |
|                 Plaintiff | ) |
| v. | ) Adversary No. 11-6069-ABF |
| | ) |
| VANDERBILT MORTGAGE AND | ) |
| FINANCE, INC. | ) |
|                 Defendant | ) |

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), by counsel, responds as follows to the Complaint to Set Aside Preferential Transfer and for Declaratory Judgment Pursuant to Bankruptcy Rule 7001 filed by Plaintiff:

<u>Count I: 11 U.S.C. Section 547</u>

1. Vanderbilt admits the averments of paragraph 1.

2. Vanderbilt admits the averments of paragraph 2.

3. Vanderbilt admits the averments of paragraph 3.

4. Vanderbilt admits the averments of paragraph 4.

5. Vanderbilt admits the averments of paragraph 5.

6. In response to paragraph 6, Vanderbilt admits that Clifford J. Jameson and Aldys Jean Jameson, as husband and wife, prior to the filing of the petition in bankruptcy, were tenancy-by-the-entireties owners in fee simple of certain real estate in Hickory County, Missouri.

- 1 -

Vanderbilt denies that the residence was owned by both of the Jamesons, that it was owned as tenants-by-the-entirety, and that the address was as listed. Vanderbilt does not have sufficient information to know whether there are 3.3 acres more or less in the property and therefore denies the same. Vanderbilt admits the legal description of the real property. Vanderbilt does not have sufficient information to know whether Debtors acquired the real property in approximately 2005 and therefore denies the same. Vanderbilt admits that in 2006 Debtor, Clifford J. Jameson, a/k/a Clifford J. Jameson, Jr., s purchased the 2006 Appalachia manufactured home that is described in paragraph 6, but Vanderbilt does not have sufficient information to know whether if was "affixed to the real estate" in the sense that Plaintiff may be using the term "affixed," and therefore denies the same. All other and further averments of paragraph 6, if any, are denied.

7. In response to paragraph 7, Vanderbilt admits that it contends certain things more specifically stated in said paragraph. Vanderbilt admits that on June 23, 2006, Debtor, Clifford J. Jameson, financed the purchase of the 2006 Appalachia manufactured home described in paragraph 6 of the Complaint. Vanderbilt does not have sufficient information to know whether the manufactured home was then located on the real estate and therefore denies the same. Vanderbilt admits that it financed the purchase. Vanderbilt admits that there is a Summary of Exhibits to "see" that is labeled "Exhibit '1.'" Vanderbilt denies all other and further averments, if any, in paragraph 7.

8. In response to paragraph 8, Vanderbilt admits that it alleges certain things more specifically stated in paragraph 8. Vanderbilt admits that Debtors, Clifford J. Jameson and Adlys Jean Jameson, as husband and wife, executed a Deed of Trust on or about June 23, 2006, to secure a promissory note in the original principal sum of $90,614.74 in favor of Vanderbilt, and that the deed of trust covered their real estate on RR #1, Hickory County, Missouri. Vanderbilt

denies that the address is as stated in paragraph 8. Vanderbilt admits that the deed of trust purportedly covered the 2006 Appalachia manufactured home described in paragraph 8. Vanderbilt denies that it did not contain a legal description of the real estate and was "never recorded" in the Office of the Recorder of Deeds in Hickory County, Missouri. Vanderbilt admits that there is a Summary of Exhibits to "see" that is labeled "Exhibit '1.'" Vanderbilt denies all other and further averments, if any, in paragraph 8.

9. In response to paragraph 9, Vanderbilt admits the averments of paragraph 9 of the Complaint up to the final bracketed statement that begins, "[see." Vanderbilt admits that there is a Summary of Exhibits to "see" that is labeled "Exhibit '1.'" Vanderbilt denies all other and further averments, if any, in paragraph 9.

10. In response to paragraph 10, Vanderbilt admits that it prepared the "Universal Affidavit" described in paragraph 10 but denies that it recited the allegations referred to in paragraphs #7, #8, and #9 in the Complaint. Vanderbilt admits the rest of paragraph 10 up to the final bracketed statement beginning with the word "[see." Vanderbilt admits that there is a Summary of Exhibits to "see" that is labeled "Exhibit '1.'" Vanderbilt denies all other and further averments, if any, in paragraph 10.

11. Vanderbilt admits the averments of paragraph 11.

12. Vanderbilt admits the averments of paragraph 12.

13. Vanderbilt admits the averments of paragraph 13.

14. Vanderbilt admits that the transfer of the Deed of Trust was made as alleged in paragraph 14 of the Complaint, but denies that the transfer of a security interest in the 2006 Appalachia manufactured home was made as alleged in paragraph 14 of the Complaint. Furthermore, Vanderbilt denies all other and further averments, if any, of paragraph 14.

15. Vanderbilt denies the averments of paragraph 15.

16. Vanderbilt admits the averments of paragraph 16.

Count II: Declaratory Judgment Pursuant to 11 U.S.C. Section 544(a)(1)

17. In response to paragraph 17, Vanderbilt incorporates herein its responses to paragraphs 1-16 above.

18. Paragraph 18 is an abstract statement of law as to which no response is required. If it is deemed to contain any averment of fact, Vanderbilt denies the same.

19. Vanderbilt admits that the Trustee makes certain contentions that are stated in paragraph 19. Vanderbilt denies that the recording of the instruments described in paragraph 19 was or is "null and void" as to Plaintiff and further denies all other averments, if any, contained in paragraph 19.

20. Vanderbilt admits that the Trustee makes certain contentions that are stated in paragraph 20. Vanderbilt denies that the Deed of Trust described in paragraph 20 was or is void and further denies all other averments, if any, contained in paragraph 20.

Affirmative Defenses

For its affirmative defenses, Vanderbilt states as follows:

A. Failure of Count II to state a cause of action under section 544(a)(1)

21. The Deed of Trust described in Plaintiff's Complaint was valid as between the parties thereto.

22. The Deed of Trust is not void as to other parties merely because it was not recorded.

23. On information and belief, the Deed of Trust contained a legal description that was sufficient to enable one familiar with the locality to identify the intended premises.

24. Plaintiff is not entitled to the declaration that he requests in Count II of his Complaint.

### B. Prior perfected security interest in the 2006 Appalachia manufactured home

25. On or about June 23, 2006, Debtor, Clifford J. Jameson, a/k/a Clifford J. Jameson, Jr., executed and delivered to Vanderbilt a "Manufactured Home Promissory Note, Security Agreement, and Disclosure Statement," ("Promissory Note") in which he granted to Vanderbilt a security interest in and to the 2006 Appalachia manufactured home described in Plaintiff's Complaint.

26. A copy of the Promissory Note is marked as Exhibit A and is available to any party upon request.

27. On or about the same date, Vanderbilt submitted a notice of lien to the Missouri Department of Revenue that described Vanderbilt's security interest in said manufactured home.

28. On or about July 19, 2006, the State of Missouri issued a Certificate of Title to the 2006 Appalachia manufactured home described in Plaintiff's Complaint, showing Vanderbilt as the holder of the first lien as of June 23, 2006.

29. A copy of the said Certificate of Title is marked as Exhibit B and is available to any party upon request.

30. On information and belief, Vanderbilt states that the 2006 manufactured home was not intended to become part of the real estate owned by Debtors.

31. On information and belief, Vanderbilt states that before the filing of the Voluntary Petition in chapter 7 by the Jamesons, the 2006 Appalachia manufactured home was not so attached to the real estate that it became a part thereof pursuant to sec. 700.111, RSMo. as applicable from time to time, common law, or other applicable law.

32. On information and belief, Vanderbilt states that before the filing of the Voluntary Petition in chapter 7 by the Jamesons, neither Clifford J. Jameson nor Aldys Jean Jameson, jointly or separately, permanently affixed the 2006 Appalachia manufactured home to the real estate owned by them or complied with the other requirements of sec. 442.015, RSMo. 2010.

33. Vanderbilt's security interest in the 2006 Appalachia manufactured home represents a first-priority, perfected security interest that is superior to the interests of the Plaintiff therein.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Vanderbilt prays that Plaintiff take nothing thereunder and that Vanderbilt be awarded its costs.

## COUNTERCLAIM

1) Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") is a Tennessee corporation with capacity to bring this action.

2) Fred C. Moon is the Trustee of the Estate of Clifford J. Jameson and Aldys Jean Jameson, case no. 11-31322-abf, a chapter 7 proceeding now pending in this Court.

3) This is an action to determine the validity, priority, and extent of Vanderbilt's lien in property consisting of a 2000 Appalachia manufactured home, serial no. CAP018847TNAB.

4)	This Court has jurisdiction of this action pursuant to 28 U.S.C. sec. 1334. Venue is proper pursuant to 28 U.S.C. sec. 1408. This action is a core proceeding pursuant to 28 U.S.C. sec. 157(b)(2)(B) & (K).

5)	On or about June 23, 2006, Debtor, Clifford J. Jameson, a/k/a Clifford J. Jameson, Jr., executed and delivered to Vanderbilt a "Manufactured Home Promissory Note, Security Agreement, and Disclosure Statement," ("Promissory Note") in which he granted to Vanderbilt a security interest in and to the 2006 Appalachia manufactured home described above.

6)	A copy of the Promissory Note is marked as Exhibit A and is available to any party upon request.

7)	On or about the same date, Vanderbilt submitted a notice of lien to the Missouri Department of Revenue that described Vanderbilt's security interest in said manufactured home.

8)	On or about July 19, 2006, the State of Missouri issued a Certificate of Title to the 2006 Appalachia manufactured home described in Plaintiff's Complaint, showing Vanderbilt as the holder of the first lien as of June 23, 2006.

9)	A copy of the said Certificate of Title is marked as Exhibit B and is available to any party upon request.

10)	On information and belief, Vanderbilt states that the 2006 manufactured home was not intended to become part of the real estate owned by Debtors.

11)	On information and belief, Vanderbilt states that before the filing of the Voluntary Petition in chapter 7 by the Jamesons, the 2006 Appalachia manufactured home was not so attached to the real estate that it became a part thereof pursuant to sec. 700.111, RSMo. as applicable from time to time, common law, or other applicable law.

12) On information and belief, Vanderbilt states that before the filing of the Voluntary Petition in chapter 7 by the Jamesons, neither Clifford J. Jameson nor Aldys Jean Jameson, jointly or separately, permanently affixed the 2006 Appalachia manufactured home to the real estate owned by them or complied with the other requirements of sec. 442.015, RSMo. 2010.

13) Vanderbilt's security interest in the 2006 Appalachia manufactured home represents a first-priority, perfected security interest that is superior to the interests of the Plaintiff therein.

WHEREFORE, Defendant Vanderbilt prays that the Court enter a judgment finding and declaring that Vanderbilt's security interest in and to the 2000 Appalachia manufactured home described above is a first-priority, perfected security interest that is superior to the interests of the Plaintiff in this case and enter such other and further relief as is just and proper.

THE WASINGER LAW GROUP, P.C.

By: /s/ David G. Wasinger
David G. Wasinger, # 38253
James S. Cole, # 26787
1401 S. Brentwood, Suite 875
St. Louis, MO  63144
(314) 961-0400; fax (314) 961-2726
jcole@wasingerlawgroup.com

Attorneys for Vanderbilt Mortgage and Finance, Inc.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case No. 11-21322-ABF |
| CLIFFORD J. JAMESON | ) |
| ALDYS JEAN JAMESON | ) Chapter 7 |
|                 Debtors | ) |
| | ) |
| FRED CHARLES MOON, Trustee | ) |
|                 Plaintiff | ) |
| v. | ) Adversary No. 11-6069-ABF |
| | ) |
| VANDERBILT MORTGAGE AND | ) |
| FINANCE, INC. | ) |
|                 Defendant | ) |

## SUMMARY OF EXHIBITS AND CERTIFICATE OF SERVICE

The following exhibits in reference to Defendant's Answer and Counterclaim are available upon request:

A.    Manufactured Home Promissory Note, Security Agreement, and Disclosure Statement dated June 23, 2006.

B.    Certificate of Title to 2006 Appalachia manufactured home, VIN CAP018847TNAB.

                              /s/ David G. Wasinger
                              David G. Wasinger, MoBar #38253
                              James S. Cole, MoBar #26787
                              Attorneys for Vanderbilt Mortgage and Finance

Copy of the above served this 13th day of October, 2011, on:

Fred C. Moon, Trustee - Plaintiff

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing document was served by electronic mail and by first-class mail, postage prepaid, on the persons named below on October 13, 2011.

/s/ David G. Wasinger

Fred Charles Moon, Esq.        Plaintiff Chapter 7 Trustee
Moon & Moon
1441 E. Primrose St.
Springfield, MO 65804

L:\Vanderbilt.FIL\Jameson.576\Ans_Counterclaim.doc